UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SHIRLEY WALKER ]
    Plaintiff, ]
 ]
v. ] No. 3:16-cv-3268
 ] Judge Trauger
TENNESSEE DEPARTMENT OF ]
CORRECTION, et al. ]
    Defendants. ]


## MEMORANDUM AND ORDER

On December 16, 2016, the plaintiff initiated this action with the *pro se* filing of a complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

The application was deficient in that it did not include a certified six month statement from the custodian of plaintiff's inmate trust account. 28 U.S.C. § 1915(a)(2). Therefore, an order (Docket Entry No. 3) was entered granting the plaintiff thirty (30) days in which to submit either the full filing fee or the aforementioned certified statement.

When the Court did not receive the filing fee or a certified statement from the custodian of plaintiff's inmate trust account within the specified period of time, an order (Docket Entry No. 6) was entered denying the application to proceed in forma pauperis. The plaintiff was assessed the filing fee, a schedule was set up for the collection of the filing fee from the plaintiff's inmate trust account, and this action was dismissed for failure to comply with the instructions of the Court and

1

for want of prosecution. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997), *abrogated on other grounds*, LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

Presently before the Court is a letter (Docket Entry No. 10) from the plaintiff. In the letter, the plaintiff avers that she timely sent to the Court a certified trust fund statement. She speculates that, because the statement did not include her case number, it was probably lost. *Id.* at pg. 1. Attached to the letter are copies of the plaintiff's complaint (*id.* at pgs. 14-20) and application to proceed in forma pauperis (*id.* at pgs. 8-13). The plaintiff asks the Court to "re-file" these pleadings. *Id.* at pg. 2. In light of plaintiff's request, the Court construes her letter as a motion to reopen the instant action.

Before a § 1983 prisoner action can proceed in forma pauperis, the Court is obliged to review the complaint to determine whether it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

The plaintiff brings this action against the Tennessee Department of Correction; the Tennessee Prison for Women in Nashville; the Mark Luttrell Correctional Center in Memphis; Tony Parker, Commissioner of the Tennessee Department of Correction; Lakeisha Barbee, Health Administrator for the Women's Therapeutic Residential Center in Henning, Tennessee; MHM/Centurion, the health care provider at both the Tennessee Prison for Women and the Mark Luttrell Correctional Center; and two physicians at the Mark Luttrell Correctional Center; seeking injunctive relief and damages.

According to the complaint, the plaintiff suffers from paranoid schizophrenia, post-traumatic stress disorder, a bi-polar disorder and chronic depression. Docket Entry No. 10 at pg. 18. The plaintiff claims "that her medical treatment has not been appropriately administered and that she has

suffered permanent damage as a result of improper drug prescription as well as improper removal of the same medication." *Id.*

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment prohibits cruel and unusual punishment. *See* Wilson v. Seiter, 501 U.S. 294 (1991). Under the holding of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment." However, not every claim by a prisoner that she has not received adequate medical care states a violation of the Eighth Amendment. *Id.* 429 U.S. at 105. To state a cognizable medical claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

In this case, the plaintiff acknowledges that she has been receiving treatment for her mental health problems. She has identified two doctors (Dr. K. Colbert and Dr. Jeffers) as defendants who have prescribed medication for her maladies. Nowhere in the complaint do the plaintiff's factual allegations suggest that the defendants have been deliberately indifferent to her mental health needs. Rather, this dispute arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir. 2000). Medical malpractice does not become a constitutional tort merely because the victim

is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A reopening of this case, therefore, would be futile. Accordingly, the plaintiff's motion to reopen is hereby DENIED for that reason.

An appeal of this ruling would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of the ruling in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, she must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of her inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1)

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge